```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANTWONNE D. WHITE,**

    Movant

v.                                                  CIVIL ACTION NO. 2:11-00640
                                                        (Criminal No. 2:06-00163)

**UNITED STATES OF AMERICA,**

    Respondent

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is movant Antwonne D. White's motion pursuant to 28 U.S.C. § 2255, filed September 19, 2011, seeking the vacatur, set aside, or correction of his sentence.

I.

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for the preparation of her Proposed Findings of Fact and Conclusions of Law ("PF&R") pursuant to 28 U.S.C. § 636.

On November 29, 2006, the United States filed a second superseding indictment charging movant with (1) a conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846 (Count One), and (2) the possession with intent to distribute

cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two). On January 29, 2007, movant pled guilty to Count Two. On July 11, 2007, movant was sentenced to a 240-month term of imprisonment, to be followed by a three-year term of supervised release. His appeal was unsuccessful.

On January 12, 2012, the magistrate judge filed her PF&R recommending that movant's section 2255 motion be denied. The PF&R recommends that the court find (1) that Grounds I, II and IV are without merit inasmuch as movant was not denied the effective assistance of counsel respecting his career offender designation, (2) that Ground III is without merit inasmuch as movant was not denied effective assistance of counsel when his attorneys did not interview Demetrius Baxter and call him to testify at sentencing regarding his lack of direct knowledge of movant's and a confederate's drug dealing, and (3) that Ground V is without merit inasmuch as counsel did not misadvise movant respecting his exposure to a life sentence if he went to trial.

On January 24, 2012, movant sought leave to extend the time within which he was permitted to object. On January 30, 2012, the court extended the time for objections to March 1, 2012. Movant filed his objections that day.

Movant first objects to the procedure by which the magistrate judge combined her discussion of Grounds I, II, and IV. He identifies no prejudice or error resulting from that combined discussion. The Grounds were appropriately discussed in tandem. The objection is without merit.

Movant next objects to the magistrate judge's recommended finding as to Grounds I, II, and IV, that his lawyers did not render ineffective assistance on the career offender designation. As fully discussed by the magistrate judge at pages 3 through 8 of the PF&R, it is apparent that the predicate conviction challenged by movant constituted a felony controlled substance offense. No Sixth Amendment violation thus occurred. The objection is without merit.

Movant next faults his lawyers for not challenging his career offender status on appeal by using the Supreme Court's then-recent decisions in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), and <u>Gall v. United States</u>, 552 U.S. 38 (2007). He appears to assert that the court did not treat the career offender provisions of the Guidelines as advisory in nature. The transcript reflects otherwise. (<u>See</u>, <u>e.g.</u>, Tr. at 212 ("Without the statutory maximum of 20 years, the <u>advisory</u> guideline range would be 324 to 405 months imprisonment. In this instance, the

court finds the advisory guideline to be not a range, but a <u>suggested sentence</u> of 240 months, that is, 20 years.") (emphasis added). It is noteworthy that counsel requested a sentence below 240 months, albeit inartfully as a departure. (Tr. at 217). The court, however, chose not to vary or depart:

> When the court considers all the matters that are before it, and I will say that the court has learned more about you in this case by virtue of the considerable number of hearings that we've had in this matter down to this point; as well as that which is set forth in the presentence report which, except to the extent that the court has found otherwise during the course of its findings today, that the court accepts; the court concludes that taking into account the nature and circumstances of the offense and your own personal nature and circumstances that have been revealed to the court; and for the purpose of reflecting the seriousness of the offense itself and to afford adequate deterrence to criminal conduct on the part of not only you but others; and to protect the public from further crimes in which you have a tendency to engage; the court, as well to avoid unwarranted sentencing disparities among others who have been found guilty of similar conduct under similar circumstances, and those circumstances include in your case your career offender status; and having taken into account generally the need to promote respect for the law . . . the court concludes that the appropriate sentence in this case is that which is suggested by the advisory United States Sentencing Guidelines, and that is further reflected by the fact that were it not for the statutory maximum in this case, the sentencing would be -- that is, the sentencing range would be far greater as I've earlier indicated, the court concludes that considering all those factors as set forth in Section 3553(a) and all that which is otherwise before the court, that the appropriate sentence in the case is that of 20 years. And I add that . . . is a regrettably lengthy sentence for anyone who has engaged in drug trafficking, but it is one I hasten to add that is entirely appropriate

4

under all the circumstances of this case. (Tr. at 222-24). In view of the court's findings and disposition respecting the suitability of the 240-month sentence, movant cannot demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984). See also Smith v. Robbins, 528 U.S. 259 (2000) (noting one claiming ineffective assistance of counsel on appeal must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal.").[1] Counsel would have been unsuccessful on appeal in asserting either that the court misunderstood the advisory nature of the Guidelines or imposed an unreasonable sentence. The objection is without merit.

Movant next objects to the PF&R discussion of Ground III. The magistrate judge concluded Ground III was meritless inasmuch as movant's attorneys did not err in failing to interview Demetrius Baxter and call him to testify at sentencing regarding his lack of direct knowledge of movant's and a confederate's drug dealing. As the magistrate judge points out,

---

[1] The circumstances in Smith were slightly different from those presented here. The prejudice prong of the standard, however, is identical irrespective of that difference. Smith, 528 U.S. at 285 (citations omitted) (noting that the prejudice prong is the same whether the claim is the failure to find arguable issues or the failure to raise a particular claim).

movant testified at his plea hearing respecting his dealings with the confederate.  (See PF&R at 9-10). As the magistrate judge aptly notes, movant may not now collaterally attack that prior, oath-bound confession: "Absent clear and convincing evidence to the contrary," a defendant is generally bound by statements made under oath during his Rule 11 plea colloquy.  <u>Fields v. Att'y Gen. of State of Md.</u>, 956 F.2d 1290, 1299 (4th Cir. 1992); <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) (a defendant's declarations in court affirming a plea agreement "present a formidable barrier in any subsequent . . . proceedings") (internal quotation marks omitted).  The objection is without merit.

Based upon a <u>de novo</u> review, and having found the foregoing and all other objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  The court, accordingly, ORDERS that movant's section 2255 motion be, and it hereby is, denied.  It is further ORDERED that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United states Magistrate Judge.

DATED:  July 3, 2012

_____
John T. Copenhaver, Jr.
United States District Judge

6